William H. COKES

v.

Bryan CLEMMONS, Sheriff, Parish of East Baton Rouge, State of Louisiana.

Misc. No. 762.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Nov. 24, 1964.

David M. Ellison, Jr., Baton Rouge, La., for petitioner.

Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, La., for respondent.

WEST, District Judge.

Petitioner, William H. Cokes, presently incarcerated in the East Baton Rouge Parish Jail in Baton Rouge, Louisiana, applies to this Court, pursuant to Title 28 U.S.C.A. § 2254, for the issuance of a writ of habeas corpus. As grounds for his request, he contends that he has been deprived of his constitutional rights in that he was not afforded the assistance of legal counsel, and that a confession which was used against him was illegally obtained. This Court appointed counsel to represent petitioner herein, and a full evidentiary hearing was held on October 2, 1964. At that time both petitioner and his counsel were instructed by the Court to present all claims of every nature that petitioner might have concerning alleged violations of his constitutional rights so that all such claims might be adjudicated at one time.

The evidence adduced at the hearing shows that petitioner was arrested on March 28, 1962, and that on April 4, 1962, a bill of information was filed against him in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, charging him with theft, to which charge he pleaded guilty on the same day. On April 16, 1962, he was sentenced by that Court to two years in the parish jail, but the execution of sentence was suspended and petitioner placed on supervised probation. He was not represented by counsel during those proceedings, nor is there any evidence that he was advised by the Court that he had a right to have counsel.

On October 15, 1962, another bill of information was filed in the same Court against petitioner, charging him with another crime of theft, to which charge he pleaded guilty and was sentenced to six months in the parish jail. He was not assisted by counsel during those proceedings, but since the sentence was served, it was stipulated that the question of his right to counsel in that instance is now moot. On February 21, 1963, an order issued out of the Nine-

teenth Judicial District Court, revoking the order of April 16, 1962, which suspended execution of the two year sentence imposed and ordering that that sentence be executed. On October 10, 1963, another bill of information was filed charging petitioner with simple escape, to which charge he pleaded not guilty. But on December 17, 1963, he withdrew the plea of not guilty and entered a plea of guilty. He was then sentenced to serve six months in the parish jail. At the time of this last charge, and in accordance with the holding of the United States Supreme Court of March 18, 1963 in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the State trial judge advised petitioner of his right to counsel, and petitioner was, in fact, represented by counsel during those proceedings. This six month sentence has been served, and petitioner now concedes that none of his constitutional rights were violated in connection therewith.

On September 17, 1963, still another bill of information was filed against petitioner, charging him this time with armed robbery, allegedly committed by him on September 1, 1963. The State Court trial judge advised petitioner of his right to counsel, and did, in fact, appoint counsel to represent him, even though he has not, to date, been brought to trial on that charge. It is now agreed by petitioner and his counsel that the only issue here involved is whether or not petitioner was deprived of his constitutional rights when the State Court failed to advise him of his right to counsel in connection with the April 4, 1962, offense of theft, and when the police secured a statement or confession from him in connection with that offense.

■ It is the opinion of this Court that petitioner's application for the issuance of a writ of habeas corpus must be denied. Insofar as petitioner's contention that he was deprived of his constitutional right to counsel by the failure of the State Court judge to advise him of that right in April, of 1962, it is the opinion of this Court that, at that time, the State Court judge was under no legal duty to so advise petitioner. At that time, which was before Gideon, the law of the land, as pronounced by the United States Supreme Court in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, was to the effect that the due process clause of the Fourteenth Amendment did not require the states to provide counsel for an accused charged with a non-capital offense. Thus, under the law as it then existed, the State Court, in this instance, did not violate petitioner's constitutional rights by failing to advise him that he had a right to counsel. Such a right, at that time, did not exist. This Court has consistently held that the doctrine of Gideon is not to be applied retroactively unless and until such time as the United States Supreme Court specifically says that it must be so applied. To the knowledge of this Court, the United States Supreme Court has not yet so held.

■ The only other issue here involved is whether or not the confession signed by petitioner was obtained by the police in Baton Rouge, Louisiana, in an improper or illegal way. There is no evidence whatsoever in this record that there was anything improper or illegal in the manner in which petitioner's confession was obtained by the investigating police. Petitioner was picked up while driving an automobile, and was taken by the police to police headquarters. The evidence shows that almost immediately upon his arrival at police headquarters, he, petitioner, voluntarily, willingly, knowingly, and intelligently, gave a statement to the police wherein he confessed to participating in several instances of burglary and theft. There is no evidence of any threats or coercion or promises used by the police in order to obtain this confession. As a matter of fact, the evidence shows that this was, apparently, one of the most spontaneous and voluntary confessions that has ever been presented to this Court. Thus, it must be concluded that there is no merit to petitioner's contention that the con-

fession which he thus gave was obtained by illegal means.

For these reasons, petitioner's application for the issuance of a writ of habeas corpus must be denied, and an order will be entered herein accordingly.